E-FILED
Wednesday, 22 August, 2018 02:36:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

DURELL HARRIS,

Plaintiff,

v.

MCLEAN COUNTY JAIL, FARILAND, PEORIA COUNTY JAIL, PANTAGRAPH, FEDERAL GOVERNMENT, ILLINOIS STATE TROOPERS, ENTERPRISE, STATEVILLE CORRECTIONAL CENTER, and STATE OF ILLINOIS

Defendants.

Case No. 1:18-cv-1189

## ORDER & OPINION

Currently before the Court is Plaintiff's *pro se* Third Amended Complaint (Doc. 29). For the reasons explained below, the Third Amended Complaint is DISMISSED for failure to state a claim upon which relief can be granted. As any further amendment would be futile and Plaintiff has repeatedly failed to cure deficiencies, this case is DISMISSED WITH PREJUDICE.

### DISCUSSION

On May 4, 2018, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and various state laws against McLean County Jail, "field test makers," Peoria County Jail, The Pantagraph (a newspaper based in Bloomington, Illinois), the "Federal Government," Illinois State Troopers, Enterprise, and the State of Illinois. (Doc. 1). Plaintiff claimed that

the United States and Illinois State Troopers falsely arrested him for possession of methamphetamine, and that some (or all) of the Defendants defamed him. However, Plaintiff's one-paragraph complaint did not provide any factual support to infer that any of the Defendants violated Harris's constitutional rights or state defamation laws.

On May 15, 2018, the Court entered its first Merit Review Order dismissing Plaintiff's complaint without prejudice for failure to state a claim upon which relief can be granted. (Doc. 8). In so dismissing, the Court stated that "Plaintiff is granted 30 days to file an amended complaint to cure the deficiencies as noted. Plaintiff's amended complaint will replace the original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted." *Id.* at 6.

Plaintiff did not comply with the Court's instructions. He instead proceeded to file three separate "complaints," (Docs. 11, 15, 17), which were generally incomprehensible and again did not state a claim for relief under § 1983, *Bivens*, or Illinois law. On June 5, 2018, the Court entered a Text Order striking Plaintiff's filings for failing to comply with the Court's order, and granting Plaintiff another 30 days to file a second amended complaint stating all claims against all defendants, "assuming, of course, that all of Plaintiff's claims against the Defendants are related and arise out of the same circumstances" as Federal Rule of Civil Procedure 20 requires. *See* 6/5/2018 Text Order. At Plaintiff's request, he was granted a 45-day extension of time to file his amended complaint. *See* 6/14/2018 Text Order.

Plaintiff filed his second amended complaint on July 9, 2018, (Doc. 24), this time complaining about prison conditions at Peoria County Jail, McLean County Jail, and Stateville Correctional Center ("SCC") (who was not mentioned in any of Plaintiff's prior complaints). On July 17, 2018, this Court entered its second Merit Review Order dismissing Plaintiff's second amended complaint for failing to state a claim upon which relief can be granted. (Doc. 25). First, the Court noted that Plaintiff's claims had completely changed from his original complaint. Plaintiff did not allege any facts in his second amended complaint against The Pantagraph, Fariland (drug testing company), the United States, Illinois State Troopers, Enterprise, or the State of Illinois, so the Court dismissed those defendants **with prejudice**. *Id.* at 9-10. Second, the Court explained that Plaintiff incorrectly attempted to join his McLean County Jail, Peoria County Jail, and SCC Eighth Amendment claims in one lawsuit. *Id.* at 5. The Court stated that any Eighth Amendment claims against the three facilities would need to be divided into separate actions, but that because Plaintiff failed to state a plausible claim against any facility, the Court dismissed Plaintiff's prison-condition claims **without prejudice**. *Id.* at 5-9.

Consistent with the above reasoning, the Court explained to Harris that Defendants Peoria County and SCC were dismissed and that "[a]ny Eighth Amendment claim arising out of confinement conditions at Peoria County Jail or Stateville Correctional Center must be brought in **separate lawsuits, if at all**." *Id.* at 10. Plaintiff was given 30 days to file a third amended complaint against **McLean**

**<u>County Jail only concerning his conditions-of-confinement claim</u>**, and he was warned that failure to file a plausible claim may result in dismissal with prejudice and termination of this case. *Id.*

On July 18, 2018, Plaintiff filed a "Motion" alleging various constitutional violations against SCC. (Doc. 26). The Court entered a Text Order denying the motion, referring Harris to the Court's second Merit Review Order, and again explaining that Harris "may not bring unrelated claims against unrelated defendants in the same lawsuit. If Plaintiff wishes to bring a lawsuit against Stateville related to alleged constitutional violations there, he must do so in a SEPARATE LAWSUIT." 7/19/2019 Text Order. (emphasis in original).

Most recently—again in violation of this Court's order—Plaintiff filed seven "complaints" against multiple defendants, including several that have already been dismissed from this action. (Doc. 29, 29-1). As the Court has repeatedly told Harris, he may not bring claims against Peoria County Jail and SCC in this lawsuit. Furthermore, The Pantagraph, Fariland ("Drug Field Test Company"), the State of Illinois, and Illinois State Troopers have already been dismissed with prejudice from this action. **Plaintiff is warned that if he continues to ignore this Court's instructions, he may be subject to monetary or other appropriate sanctions.**

Plaintiff was, however, granted leave to re-plead his Eighth Amendment claims against McLean County Jail. In his most recent filings, Harris lists numerous shortcomings with his confinement conditions, but he fails to implicate § 1983

liability for the same reasons outlined in this Court's second Merit Review Order. *See* Doc. 25.

To sufficiently plead a confinement-conditions claim under the Eighth Amendment, Plaintiff must demonstrate that: (1) the alleged condition, viewed objectively, is sufficiently serious; and (2) Defendants acted with subjective deliberate indifference towards the condition. *Board v. Farnham*, 394 F.3d 469, 479–80 (7th Cir. 2005). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). The Eighth Amendment "does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans." *Carroll v. DeTella*, 255 F.3d 470, 472–73 (7th Cir. 2001). Rather, "extreme deprivations are required to make out a conditions-of-confinement claim." *Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002). Plaintiff must show that the alleged deprivations, viewed objectively, are so serious as to amount to the denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Harris complains generally that he "was housed in extremely cold facilities with no heat, [and] no working hot water causing minor colds." (Doc. 29 at 1). He complains that his food was cold, he did not have good enough blankets, of "black mold in showers," of "insects flying all around," and of mice infestations. *Id.* at 1-2. Plaintiff was released from McLean County on May 16, 2017, so he does not continue

to endure these conditions. Plaintiff does not indicate how long he was exposed to these conditions, and his allegations lack sufficient detail tending to suggest the conditions "are so serious as to amount to the denial of the minimal civilized measure of life's necessities." *See* Doc. 25; *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008); *Flores v. O'Donnell*, 36 F. App'x 204, 206–07 (7th Cir. 2002) (citing *Dixon*, 114 F.3d at 644)). Rather, Harris's allegations suggest at most that he experienced uncomfortable conditions while incarcerated. Furthermore, Plaintiff has failed to allege any facts that McLean County Jail or its employees acted with deliberate indifference toward those conditions.

The frivolity of Plaintiff's filings are emphasized by the fact that he mentions various constitutional amendments throughout his pleadings that have no logical relationship to this case. For example, he improperly attempts to invoke the First Amendment, Second Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment. He also throws around legal terms irrelevant to these proceedings, such as "Double Jeopardy," and he asks for attorney's fees even though he is not represented by counsel. This sort of scattershot pleading with no factual basis suggests this action is vexatious.

In sum, Plaintiff has failed to state a viable claim for relief against McLean County after several attempts. This case is therefore DISMISSED WITH PREJUDICE. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (district courts have broad discretion to deny leave to amend where amendment would be futile and where Plaintiff has repeatedly failed to cure deficiencies).

## CONCLUSION

For these reasons, Plaintiff's Third Amended Complaint (Doc. 29) is DISMISSED WITH PREJUDICE. This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g). Plaintiff must pay the full filing fee of $400.00 even though his case has been dismissed. The Clerk is directed to send a letter to the Trust Fund Department at the agency having custody of Plaintiff requesting copies of his trust fund ledgers from the previous six months. Following receipt of Harris's trust fund ledgers, the Court will enter an appropriate order for payment of the filing fee.

CASE TERMINATED.

Entered this 22nd day of August, 2018.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge